UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD ROMAGNOLI AND BETH ROMAGNOLI | CASE NO. |
| Plaintiffs, | |
| v. | |
| AIR & LIQUID SYSTEMS CORPORATION., as Successor by Merger to Buffalo Pumps, Inc., CBS CORPORATION, a Delaware corporation, f/k/a Viacom, Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation and as successor in Interest to B.F. Sturtevant, CRANE CO., individually and as successor to Jenkins Bros. and Weinman Pump Manufacturing Co., Chapman Valve Company and Cochrane, EATON CORPORATION, individually and as successor to Vickers and Waterbury Tool, FOSTER WHEELER L.L.C., GENERAL ELECTRIC COMPANY, and VIAD CORP. individually and as successor to The Griscom Russell Co. | JANUARY 28, 2014 |
| Defendants. | |

## NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT:**

**PLEASE TAKE NOTICE** that the defendant, Viad Corp incorrectly sued as Viad Corp., individually and as successor to The Griscom-Russell Co. ("Viad"), by and through its attorneys, LeClairRyan, A Professional Corporation, hereby removes this action from the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. §§

1441(b), 1442 (a)(1), and 1446(a) and (b). As grounds for its removal of this matter, Viad states as follows:

1. On January 9, 2014, the Plaintiffs, Richard Romagnoli and Beth Romagnoli (the "Plaintiffs"), filed this lawsuit in the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport, Case No. FBT-CV 14-6040383-S, to recover money damages as a result of alleged personal injuries resulting from exposure to asbestos. A true and genuine copy of the Summons and Complaint is attached hereto as **Exhibit A**.

2. Viad was served with the Summons and Complaint by process server on January 8, 2014. See CT Corporation Service of Process Transmittal, attached hereto as **Exhibit B**.

3. Accordingly, this Notice of Removal is timely filed within 30 days of Viad's receipt of the Summons and Complaint, pursuant to 28 U.S.C. § 1446(b).

4. Viad has been sued as the alleged successor-in-interest to The Griscom-Russell Co. ("Griscom-Russell"). See Summons and Complaint, **Exhibit A**.

5. Viad disputes that it is the successor-in-interest to Griscom-Russell as alleged by the Plaintiff in the Complaint.

6. Upon information and belief, Griscom-Russell was a manufacturer and supplier of equipment to the United States Navy. Any equipment Griscom-Russell manufactured and sold to the United States Navy was done so pursuant to procurement contracts entered into with the United States Navy and in accordance with precise specifications required by the United States Navy, pursuant to a process further set forth below.

7. The Plaintiffs state in paragraph 5 on page 2 of their Complaint that Richard Romagnoli, "… was exposed to various asbestos containing products while working as a shipyard worker from 1957-1979. Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related asbestosis and other asbestos-related pathologies." See Complaint, at ¶ 2, **Exhibit A**.

8. Based upon the Complaint, it is apparent that Viad has been sued based on the assertion that it is a successor-in-interest to Griscom-Russell, which is a believed and/or a known Naval equipment supplier, and that the Plaintiff's claims against Viad in this capacity (which capacity Viad disputes) are that Richard Romagnoli was exposed to certain asbestos-containing products manufactured and sold by Griscom-Russell while working with or on ships of the United States Navy.

9. Accordingly, Viad removes this claim pursuant to the federal officer removal provisions of 28 U.S.C. § 1442 (a)(1). See Pack v. AC&S, Inc., 838 F.Supp. 1099 (D.C. Md. 1993) (removal of asbestos personal lawsuit against manufacturer of turbines supplied to government allowed); Crocker v. Borden, Inc., 852 F.Supp. 1332 (D.C. La. 1994) (government contractor allowed to remove asbestos-related claims when it shows it was acting under federal direction of the Navy); Fung v. Abex Corp., 816 F.Supp. 569 (D.C. Cal. 1992) (government contractor may be "acting under" officer of United States for purposes of removal statute when Secretary of Navy exercised direct and detailed control over submarine construction).

10. Federal officer removal, pursuant to 28 U.S.C. § 1442 (a), is an exception to the general rule requiring all named defendants to join in the removal petition. Akin v. Ashland Chemical, 156 F3d 1030 (10th Cir. 1998).

11. Should the Plaintiffs file a motion to remand this case, Viad respectfully requests an opportunity to respond more fully in writing and conduct discovery limited to the issue of removal, but at this time offers the following authorities regarding removal.

12. Removal pursuant to 28 U.S.C. § 1442 (a)(1) is appropriate where the moving party can: (1) show that it acted under the direction of a federal officer; (2) raise a colorable federal defense to the plaintiffs' claims; and (3) show a causal nexus between the plaintiffs' claims and acts it performed under color of federal office. Mesa v. California, 489 U.S. 121, 124-25 (1989); Isaacson v. Dow Chemical Co., 517 F.3d 129 (2d Cir. 2008). All three elements have been satisfied here as set forth below. Therefore, Viad is entitled to federal officer removal.

13. First, any equipment manufactured for the United States Navy by Griscom-Russell was manufactured under the direction of a federal officer. Griscom-Russell, like any government supplier, would have designed and manufactured any equipment sold to the United States Navy according to precise, detailed specifications of the United States Navy. The United States Navy enforced compliance with its design specifications. No aspect of the design of its equipment escaped the close control of the United States Navy and its officers. Moreover, the United States Navy specified what was to be written, posted, printed and published on any nameplate or signs for any machine manufactured for the United States Navy. See Affidavit/Declaration of Admiral Ben L. Lehman, U.S. Navy, Ret., attached hereto as **Exhibit C**, and Affidavit/Declaration of Charles R. Cushing, attached hereto as **Exhibit D**. With regard to the Affidavits/Declarations of Admiral Lehman and Charles R. Cushing attached hereto as **Exhibits C and D**, Viad has filed essentially the same Affidavits/Declarations

in support of its removal to federal court of numerous previous cases that have been brought against it in Connecticut.  As such, **Exhibit C** is a true and accurate copy of Admiral Lehman's Affidavit/Declaration from the case of <u>Barnes, et al. v. Buffalo Pumps, Inc. et al.</u>, and **Exhibit D** is a true and accurate copy of Charles R. Cushing's Affidavit/Declaration from the case of <u>Girtman, et al v. Air & Fluid Corporation as Successor to Merger to Buffalo Pumps, et al</u>.

14. Second, as recognized by the United States Supreme Court in <u>Boyle v. United Technologies Corp.</u>, 487 U.S. 500, 512 (1988), Viad, as the alleged successor-in-interest to Griscom-Russell, has a federal defense to this action; namely, the government contractor defense which provides immunity from liability for injuries arising from any exposure to asbestos from equipment Griscom-Russell manufactured pursuant to contracts with, and specifications required by, the United States Navy.  Third, there is a causal nexus between the Plaintiffs' claims, which allege injury from exposure to asbestos, and the alleged acts of Griscom-Russell, if any, which were performed under the direction and control of the United States Navy.

15. Viad has raised a colorable federal defense to the Plaintiffs' claims pursuant to the government contractor defense.  Therefore, Viad cannot be liable under state law for any injuries caused by equipment sold to the United States Navy by Griscom-Russell.  Removal is proper because this is a civil action brought in state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. § 1442 (a)(1) since Viad, as the alleged successor-in-interest to Griscom-Russell, was acting under an officer or agency of the United States government; in this instance, the United States Navy.

16. Pursuant to 28 U.S.C. § 1446(d), Viad has provided written notice of this removal to all parties or their counsel and the Clerk of the State Court. Copies of these notices are attached collectively hereto as **Exhibit E**.

WHEREFORE, Viad respectfully notices the removal of this action to this Court.

Dated this     day of January, 2014.

        VIAD CORP INCORRECTLY SUED AS VIAD CORP., individually and as successor to THE GRISCOM-RUSSELL CO.


BY /S/ Christopher J. Lynch
    Christopher J. Lynch, Esq.
    Federal Bar No. ct07308
    LeClairRyan, A Professional Corporation
    One Financial Plaza
    755 Main Street, Suite 2000
    Hartford, CT  06103
    860.656.1935 (Direct)
    860.656.1985 (Fax)
    Christopher.lynch@leclairryan.com

## CERTIFICATION

      I hereby certify that on January 28, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Christopher Meisenkothen, Esq.
Elizabeth Tavelli, Esq.
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street,
P.O. Box 1866
New Haven, CT 06508-1866
cmeisenkothen@elslaw.com
etavelli@elslaw.com
***(Counsel for the Plaintiffs Richard Romagnoli and Beth Romagnoli***

Robert F. Martin, Esq.
Eckert Seamans
10 Bank Street
7th Floor
White Plains
New York
10606
rmartin@eckertseamans.com
***(Counsel for CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation and as successor in interest to B.F. Sturtevant)***

Kendra Christensen, Esq.
Bryna Rosen Misiura, Esq.
Michael D. Simmons, Esq.
Governo Law Firm, LLC
Two International Place, 15th Floor
Boston, MA  02110
kchristensen@governo.com
bmisiura@governo.com
msimmons@governo.com
***(Counsel for Air & Liquid Systems Corporation, as successor by merger to Buffalo Pumps, Inc.)***

Patrick J. Glinka, Esq.
DanaherLagnese, PC
21 Oak Street
Hartford, CT.
06106
***(Counsel for Crane Co., individually and as successor to Jenkins Bros. and Weinman Pump Manufacturing Co., Chapman Valve Company and Cochrane)***

Kristen W. Sherman, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza
8th Floor Providence RI
02903
ksherman@apslaw.com
***(Counsel for Foster Wheeler L.L.C.)***

Brett Michael Szczesny, Esq.
Dan E. Labelle, Esq.
Halloran & Sage LLP
315 Post Road
Westport, CT 06880
szczesny@halloran-sage.com
labelle@halloran-sage.com
***(Counsel for General Electric Company)***

Robert Flynn, Esq.
O'Connell, Attmore & Morris, LLC
280 Trumbull Street
23rd Floor
Hartford, Connecticut
06103
and
Margaret Vellucci, Esq.
Pond North, LLP
99 Derby Street
Suite 201
Hingham, Massachusetts
02043
rflynn@oamlaw.com
mvellucci@pondnorth.com
***(Counsel for Eaton Corporation, individually and as successor to Vickers and Waterbury Tool)***

  /S/Christopher J. Lynch<br>
Christopher J. Lynch ct07308